**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SHERISE HALL, | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No.: |
| | : |
| BASS PRO OUTDOOR WORLD, LLC, | : January 16, 2026 |
| | : |
| Defendant. | : |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Bass Pro Outdoor World, LLC ("Defendant"), files this Notice of Removal in accordance with 28 U.S.C. § 28 U.S.C. § 1331 (diversity jurisdiction) and 28 U.S.C. § 1446, and removes this action from the State of Connecticut Superior Court, Judicial District of Bridgeport, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendant states:

1.      By Summons and Complaint, Plaintiff Sherise Hall ("Plaintiff") commenced a civil action against Defendant in Connecticut Superior Court titled *Sherise Hall v. Bass Pro Outdoor World, LLC*[1] (the "Superior Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served by Plaintiff on Defendant are attached hereto as **Exhibit A** and constitute all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

---

[1] As of the date of this application for removal, Plaintiff has not yet returned served copies of the Complaint to the Superior Court and, therefore, no Superior Court case number has been assigned.

3. This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending. 28 U.S.C. § 1446(a).

4. Attached hereto as **Exhibit B** is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of Bridgeport. 28 U.S.C. § 1446(d).

## II. TIMELINESS OF NOTICE OF REMOVAL

5. This Notice of Removal is being filed within 30 days of the date Defendant was served with a copy of the Complaint in the Superior Court Action. 28 U.S.C. § 1446(b).

6. Defendant first received notice of this lawsuit on December 19, 2025, when its agent for service of process received a copy of the Summons and Complaint. The thirtieth (30th) day after December 19, 2025 is January 18, 2026[2], and therefore removal of this action today is timely under 28 U.S.C. § 1446(b).

7. By filing this notice, Defendant does not waive any defenses that may be available to it.

## III. GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

8. Removal of this action is appropriate based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(b). As detailed below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Id*. § 1332(a)(1).

---

[2] As the thirtieth day from the date of service falls on a Sunday, the deadline to timely remove this matter to District Court falls on Monday, January 19, 2026.

A.    **Complete Diversity**

9.    To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant.  28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005); *Doe v. Yale Univ.*, 564 F. Supp. 3d 11, 16 (D. Conn. 2021).

10.    Citizenship of Plaintiff. Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1). For diversity purposes, courts determine an individual's domicile by examining the individual's "physical presence" and "intent to remain in that place indefinitely." *Dukes ex rel. Dukes v. New York City Emps.' Ret. Sys., and Bd. of Trs.*, 581 F. App'x 81, 82 (2d Cir. 2014). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). In the Summons, Plaintiff identifies her address as one in Bridgeport, Connecticut. *See* **Exhibit A**. Therefore, upon information and belief, Plaintiff is domiciled in and a citizen of the State of Connecticut.

11.    Citizenship of Defendant. At the time of filing of the Complaint, and at the time of removal, Bass Pro Outdoor World, LLC was not, and is not, a citizen of the State of Connecticut. A corporation is a citizen of the states in which it was organized and in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1186, 1192-93 (2010) ("principal place of business" of corporation "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," which is often "metaphorically called its 'nerve center'"). Defendant is incorporated in Missouri with a corporate headquarters located at 2500 E. Kearney Street, Springfield, MO 65898. Therefore, Defendant is a citizen of Missouri. Indeed, Plaintiff acknowledges as much by leading that

Defendant's business address is located on Kearney Street in Springfield, MO. *See* **Exhibit A** at ¶ 1.

12. In sum, Plaintiff is a citizen of a different state (Connecticut) than Defendant (Missouri) and thus, complete diversity of citizenship exists.

### B. Amount in Controversy

13. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires that the amount in controversy "exceed the sum or value of $75,000, exclusive of interest and costs." The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

14. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

15. Although Defendant disputes Plaintiff's allegations and denies it is liable to Plaintiff, it is clear that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. The Second Circuit has "liberal standards" for determining whether a plaintiff's claim meets the jurisdictional threshold. *GW Holdings Grp., LLC v. U.S. Highland, Inc.*, 794 F. App'x 49, 51 (2d Cir. 2019). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Id*. at 50, quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)). "This is not an onerous burden." *Id*., quoting *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d. Cir. 2003). Indeed, the Second Circuit recognizes a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id*., quoting

*Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). In contrast to this relatively low burden, a "party opposing jurisdiction must show to a 'legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Id*. at 51, quoting *Wolde-Meskel*, 166 F.3d at 63. "It is not easy to do this." *Id*.

16.    In the Complaint, Plaintiff seeks money damages for alleged discrimination, and retaliation, including compensatory damages, front and back pay, and attorneys' fees and costs. *See* **Exhibit A** at p. 8. Further, Plaintiff claims she is entitled to punitive damages. *Id.* While the Complaint does not specify the amount of damages that Plaintiff seeks, Plaintiff's Statement of Amount in Demand indicates the amount in demand "not less than fifteen thousand [] dollars, exclusive of interest and costs." *See* **Exhibit A** at pg. 9.

17.    Plaintiff was terminated effective February 2, 2024. Even if Plaintiff were earning minimum wage in Connecticut at the time of her termination, her lost wages alone would amount to the bulk of the amount in controversy threshold. Beyond that, Plaintiff seeks punitive damages, which are permitted to be included in calculating the amount in controversy as well. *Klaneski v. State Farm Mut. Auto. Ins. Co.*, 680 F. Supp. 3d 170, 182 (D. Conn. 2023). Therefore, there is a reasonable probability that Plaintiff's damages exceed $75,000, exclusive of interest and costs, and Defendant has sufficiently demonstrated that the amount in controversy in this case exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.

## IV.    RELIEF REQUESTED

18.    For the foregoing reasons, Defendant requests that the United States District Court for the District of Connecticut assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendant respectfully requests that this matter be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

**DEFENDANT,**
**BASS PRO OUTDOOR WORLD, LLC**

*/s/ Ian C. Beck*
Ian C. Beck (ct31687)
Craig T. Dickinson (ct18053)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, Connecticut 06510
Telephone:    203.974.8700
Facsimile:    203.974.8799
ibeck@littler.com
cdickinson@littler.com

ATTORNEYS FOR DEFENDANT BASS
PRO OUTDOOR WORLD, LLC

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 16th day of January, 2026, a copy of the foregoing was sent via

email or First Class Mail to all counsel and pro se parties of record as follows:

John T. Bochanis
Daly, Weihing & Bochanis, LLC
1776 North Avenue
Bridgeport, CT 06604
manny@cicchielloesq.com


/s/ Ian C. Beck
Ian C. Beck (ct31687)

7

# EXHIBIT A

## SUMMONS - CIVIL

JD-CV-1  Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ |
|---|

**STATE OF CONNECTICUT**
**JUDICIAL BRANCH**
**SUPERIOR COURT**
www.jud.ct.gov



- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **1061 Main Street, Bridgeport, CT  06604** | **( 203 )  579 – 6527** | **01/27/2026** |

| | | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| [x] Judicial District   G.A. | | **Bridgeport** | Major: **T**   Minor: **90** |
| [ ] Housing Session   [ ] Number: ___ | | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| **Daly Weihing Bochanis, LLC, 1776 North Avenue, Bridgeport, CT  06604** | **101227** |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| **( 203 )  333 – 8500** | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)    [ ] Yes  [x] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name:  **Davis, Whitney**<br>Address: **508 Harral Ave., Bldg. 1, Apt. 223, Bridgeport, CT  06604** | **P-01** |
| **Additional plaintiff** | Name:<br>Address: | **P-02** |
| **First defendant** | Name: **Bass Pro Outdoor World, LLC**<br>Address: **2500 E. Kearney St., Springfield, MO  65898** | **D-01** |
| ~~Additional defendant~~ | Name:  **c/o Agent for Service: C T Corporation System**<br>Address: **357 East Center Street, Ste 2 J, Manchester, CT  06040** | **D-02** |
| **Additional defendant** | Name:<br>Address: | **D-03** |
| **Additional defendant** | Name:<br>Address: | **D-04** |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | [x] Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| **12/17/2025** | | [ ] _____ Clerk | **John T. Bochanis** |

If this summons is signed by a Clerk:

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

A TRUE COPY ATTEST

John J. O'Leary
CT State Marshal - Hartford County

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

**Page 1 of 2**

RETURN DATE:  JANUARY 27, 2026    :    SUPERIOR COURT

WHITNEY DAVIS    :    J.D. OF BRIDGEPORT

V.    :    AT BRIDGEPORT

BASS PRO OUTDOOR WORLD, LLC    :    DECEMBER 17, 2025

## COMPLAINT

1. The Defendant is Bass Pro Outdoor World, LLC whose business address is 2500 E. Kearney St., Springfield, MO 65898, operated a retail Bass Pro Shop store located at 1 Bass Pro Drive, Bridgeport, CT  06608.

2. The Plaintiff, Whitney Davis, is African American, Black, Female.

3. The Plaintiff satisfactorily performed her employment duties as an apparel processor while employed by the Defendant.

4. Plaintiff began her employment with the Defendant on or about October 4, 2022. Plaintiff's position was at the Defendant's retail store located at 1 Bass Pro Drive, Bridgeport, CT  06608.

5. On or about December 2022 and August 2023 the Plaintiff met with the Defendant's human resources department to complain about harassment by a male co-worker.  The harassment was addressed by the previous store manager but resumed when Walter Gudas became store manager. In January 2024, Plaintiff again went to the human resources department to complain that the same male co-worker was harassing the Plaintiff.  On the same date in January 2024 after making the complaint to the Defendant's human resources department,

1

Plaintiff was given a final written warning for allegedly swearing. Contrary to the written warning, Plaintiff did not swear and Plaintiff had never previously been disciplined while employed by Defendant.

6. On or about December 2023, Plaintiff reported to the human resources department of the Defendant that co-worker Jose Santana had acted out inappropriately at work by pushing over an apparel rack in the warehouse of the Defendant's store and he was screaming at Tanisha Waite, another employee (African American, Black, Female). As a result of the incident involving Jose Santana he was discharged by the Defendant in January 2024.

7. Subsequently it came to Plaintiff's attention that Walter Gudas (Caucasian, male) the store manager and tracker sales manager Michael Vallero (Caucasian, male) had been informing employees at Defendant's Bridgeport CT store that the Plaintiff, together with her co-workers in the apparel department, Sherise Hall and Karen Murphy, both African American, Black, Female, were responsible for getting Jose Santana fired.

8. Upon being notified that the apparel team lead was being accused of having Jose Santana fired, Plaintiff went to the Defendant's human resources department and reported this.

9. On or about February 2, 2024, which was within approximately seven (7) days of the Plaintiff reporting the inappropriate and improper accusations being made against the apparel team members, the Plaintiff together with her co-workers in the

2

apparel department, Sherise Hall and Karen Murphy, were discharged from employment.

10. The Defendant falsely informed the Plaintiff that Plaintiff was being discharged for not leaving the break room immediately after clocking in from lunch break and alleged theft of company time, which accusation was false a pretext to discharge the Plaintiff and her co-workers in the apparel department, which as indicated above, were all African American, Black and female. Contrary to the Defendant's contention, other non-protected basis employees were late reporting back from lunch and breaks and were not discharged.

11. The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment by discharging the Plaintiff as a result of her race and/or color (Black/African American) and sex (female) and retaliating against the Plaintiff for previous complaint(s) of discriminatory treatment.

12. The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment by retaliating against the Plaintiff for contacting Human Resources about a hostile work environment (based on sex) and complaining about discriminatory treatment. The Defendant has also discriminated against the Plaintiff in the terms and conditions of her employment by discharging the Plaintiff based on her race and/or color (Black/African American) and gender (Female).

13. The Defendant has discriminated against the Plaintiff by discharging her based on Plaintiff's sex/gender (female) in violation of Connecticut General Statutes Section

3

46a-60(b)(1) and by discharging the Plaintiff as a result of her race (Black/African American) in violation of Connecticut General Statutes Section 46a-60(b)(1) and discriminating and retaliating against the Plaintiff for her protected activity as described above in violation of Connecticut General Statute Section 46-60(b)(4).

14. As a further result thereof, the Plaintiff has lost and is continuing to lose salary, benefits and other perquisites of employment and has suffered extreme humiliation, mental anxiety and emotional distress and has been required to assume various incidental expenses.

15. The Plaintiff has sought and obtained a release of jurisdiction from the proper administrative agencies.

4

**WHEREFORE THE PLAINTIFF CLAIMS:**

1) Monetary damages;

2) Back pay and front pay including loss of benefits, and any costs associated with the expenses of her job search incurred since Plaintiff's wrongful dismissal;

3) Compensatory damages;

4) Punitive damages;

5) Reasonable attorney's fees and costs incurred in this action; and

6) Any other relief this Court deems just and appropriate.

7) Such other and further relief as in law and equity may pertain.

THE PLAINTIFF

BY_____
JOHN T. BOCHANIS
DALY, WEIHING & BOCHANIS, LLC
1776 North Avenue
Bridgeport, CT 06604
(203) 333-8500
Juris No. 101227

A TRUE COPY ATTEST

John J. O'Leary
CT State Marshal - Hartford County

5

RETURN DATE:  JANUARY 27, 2026  :  SUPERIOR COURT

WHITNEY DAVIS  :  J.D. OF BRIDGEPORT

V  :  AT BRIDGEPORT

BASS PRO OUTDOOR WORLD, LLC  :  DECEMBER 17, 2025

## STATEMENT RE: AMOUNT IN DEMAND

The amount of legal interest or property in demand is not less than FIFTEEN

THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs.

THE PLAINTIFF

BY _____
JOHN T. BOCHANIS
DALY, WEIHING & BOCHANIS, LLC
1776 North Avenue
Bridgeport, CT 06604
(203) 333-8500
Juris No. 101227

A TRUE COPY ATTEST

John J. O'Leary
CT State Marshal - Hartford County

6

# EXHIBIT B

| | | |
|---|---|---|
| DOCKET NO. | : | SUPERIOR COURT |
| | : | |
| SHERISE HALL | : | |
| | : | |
| Plaintiff, | : | JUDICIAL DISTRICT OF |
| v. | : | BRIDGEPORT AT BRIDGEPORT |
| | : | |
| BASS PRO OUTDOOR WORLD, LLC | : | JANUARY 16, 2026 |
| | : | |
| Defendant. | : | |
| | : | |

## NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1331, Defendant, Bass Pro Outdoor World, LLC, filed a Notice of Removal of this action in the United States District Court for the District of Connecticut. A copy of said Notice is attached hereto as **Exhibit A**. This Notice to the Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

*/s/ Ian C. Beck*
Ian C. Beck, Bar No. 445835
ibeck@littler.com
Craig T. Dickinson, Bar No. 409350
cdickinson@littler.com
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, Connecticut 06510
Telephone:    203.974.8700
Facsimile:     203.974.8799

Attorneys for Defendant Bass Pro Outdoor World, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January, 2026, a copy of the foregoing was sent

via email or First Class Mail to all counsel and pro se parties of record as follows:

John T. Bochanis
Daly, Weihing & Bochanis, LLC
1776 North Avenue
Bridgeport, CT 06604
manny@cicchielloesq.com


                                        */s/ Ian C. Beck*_____
                                        Ian C. Beck

2